IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIA-DEN LTD. | § | CASE NO. 15-32626-H4-11 |
| | § | CHAPTER 11 |
| DEBTOR. | § | |
| | § | JUDGE BOHM |

## DEBTOR'S APPLICATION TO EMPLOY
## HOOVER SLOVACEK LLP

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Debtor Dia-Den Ltd., ("Debtor"), debtor and debtor-in-possession, respectfully makes this application ("Application") to employ counsel, representing as follows:

1. Debtor filed a voluntary petition under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") on May 8, 2015 ("Petition Date").

2. Debtor has continued in possession and management of its property and is operating its business as a debtor in possession.

3. In connection with the performance of its duties and obligations as debtor in possession, the Debtor now requests authority to employ Edward L. Rothberg and Hoover Slovacek LLP ("HSLLP") as its attorneys in this bankruptcy case, effective as of the Petition Date. Mr. Rothberg can be contacted at Hoover Slovacek LLP, Galleria Tower II, 5051 Westheimer, Suite 1200, Houston, Texas 77056, telephone: 713-977-8686; facsimile: 713-977-5395, email: Rothberg@hooverslovacek.com; Mr. Rothberg's State Bar Number is 17313990.

4. With the Court's permission, HSLLP shall perform all legal services for the debtor-in-possession which may be necessary at their regular hourly rates.

5. Section 327(a) of the Bankruptcy Code provides: "the trustee, with the court's approval, may employ one or more attorneys … that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a).

6. Debtor seeks to retain HSLLP to provide the Debtor with legal advice and services with respect to the cases, the debtor's powers and duties as debtor in possession, and the continued operation of the Debtor's business and management of the Debtor's property, including but not limited to the following:

(a) to assist, advise and represent the Debtor relative to the administration of this chapter 11 case;

(b) to assist, advise and represent the Debtor in analyzing the Debtor's assets and liabilities, investigating the extent and validity of lien and claims, and participating in and reviewing any proposed asset sales or dispositions;

(c) to attend meetings and negotiate with the representatives of the secured creditors;

(d) to assist the Debtor in the preparation, analysis and negotiation of any plan of reorganization and disclosure statement accompanying any plan of reorganization;

(e) to take all necessary action to protect and preserve the interests of the Debtor; and

(f) to appear, as appropriate, before this Court, the Appellate Courts, and other Courts in which matters may be heard and to protect the interests of Debtor before said Courts and the United States Trustee.

7. Debtor desires to retain Edward L. Rothberg and HSLLP because of Mr. Rothberg's experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the United States Bankruptcy Code.  Also, prior to initiation of this chapter 11 case, Mr. Rothberg and the attorneys at HSLLP have gained experience as to the Debtor's property, and have become familiar with many of the pertinent legal issues which

may arise in the context of the Debtor's chapter 11 case. As such, Debtor believes said attorneys are well qualified to represent the Debtor as a debtor in possession in this proceeding. It is necessary for the Debtor, as a debtor in possession, to employ attorneys for such professional services.

8. Current hourly billing rates for HSLLP are:

- Edward L. Rothberg  - $425.00
- Annie Catmull - $335.00
- Melissa Haselden - $310.00
- T. Josh Judd - $285.00
- Brendetta Scott - $225.00
- Legal Assistants/Paralegals - $110.00-$150.00

9. Edward L. Rothberg and HSLLP do not represent any interest adverse to the Debtor or its estate, nor do they have any connections with the Debtor, creditors, or any other party in interest, its attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except:

(i) Prior to the bankruptcy filing, HSLLP represented the Debtor in providing advice concerning restructuring and pre-bankruptcy planning and negotiations with its secured lender.

(ii) Edward Rothberg and Melissa Haselden represented Texas Systems & Controls, Inc., and Texas Systems Service Center, Inc., in the Chapter 11 cases No. 09-37744 and 09-37745, in the United States Bankruptcy Court for the Southern District of Texas (collectively, "Texas Systems"). Texas Systems was the former tenant of the Debtor. The Debtor and Texas Systems share some common equity holders.

(iii) Edward L. Rothberg and attorneys with HSLLP have professional connections through the Moller/Foltz Inns of Court, through which certain attorneys for the United States Trustee, judges, and other practitioners educate themselves on bankruptcy-related issues.

10. In compliance with 11 U.S.C. §329 and Rule 2014, HSLLP has attached an affidavit as Exhibit "A" detailing the connections with the Debtor or any party-in-interest. As

more further described in the Affidavit of Edward Rothberg, prior to the petition date, HSLLP was paid current for legal work provided to the Debtor in the amount of $31,851.13, leaving the balance of the pre-petition retainer of $51,571.71.  To the extent Exhibit "A" discloses any connection, Debtor believes it is not sufficient to prohibit employment as counsel.

11. Based upon the Rothberg Affidavit and Debtor's knowledge, Edward L. Rothberg and HSLLP do not represent any interest adverse to the Debtor, its estate, creditors, equity holders, or affiliates in the matters upon which HSLLP is to be engaged, and is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code. HSLLP's compliance with the requirements of Sections 327, 328, 330 and 504 of the Bankruptcy Code and Bankruptcy Rule 2014, is set forth in detail in the Rothberg Affidavit.

### Notice

12. No party in interest has requested the appointment of a trustee, and thus no notice of this application need be given, and no hearing thereon need be held, because of the presumption accorded the debtor in possession pursuant to Section 1107(b) of the Bankruptcy Code.  The relief sought herein may be granted *ex parte* under BLR 9003-1.  This application will be served upon the U.S. Trustee in compliance with B.L.R. 9003-1.

### Reimbursement of Expenses

13. The Debtor has been advised by HSLLP that disbursements for expenses are not included in HSLLP's hourly rates and will be separately billed as expenses of this proposed engagement.  Such disbursements for expenses may include, without limitation, charges for photocopying, courier services, document retrieval costs, printing, computer-assisted legal research, postage, long distance, telecopier, deposition fees, filing fees, witness fees, subpoena

services. In certain cases, charges are set by the service providers or outside contractors and in other cases, HSLLP establishes a customary charge. Subject to the limitations set forth in General Order 2001-2, HSLLP will charge the actual cost of these expenses in a manner and at rates consistent with charges made to HSLLP's other clients.

WHEREFORE, Debtor hereby requests that it be authorized to employ EDWARD L. ROTHBERG and the law firm of HOOVER SLOVACEK LLP to represent the Debtor as a Debtor-in-possession in this bankruptcy proceeding under Chapter 11 of Title 11, United States Code, and that the Debtor have such other and further relief as is just.

Dated: May 6, 2015.

Respectfully submitted,

DIA-DEN LTD.

By: PJJ INC., its general partner

_____
Dennis W. Abrahams, President

HOOVER SLOVACEK LLP

By: /s/ Edward L. Rothberg
_____
EDWARD L. ROTHBERG
Texas State Bar No. 17313990

PROPOSED COUNSEL FOR DEBTOR

OF COUNSEL FOR DEBTOR:

HOOVER SLOVACEK LLP
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, TX 77056

{851224-00001 TJJ 4/27/2015 00961359.DOCX 1}

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Application to Employ Attorneys, and the Affidavit of Proposed Attorney and Disclosure of Compensation, was forwarded to the following parties, by first class mail, postage prepaid, on May 8, 2015.

Office of United States Trustee
Southern District of Texas
515 Rusk, Suite 3516
Houston, Texas 77002

/s/ Edward L. Rothberg
_____
EDWARD L. ROTHBERG

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| DIA-DEN LTD. | § § | CASE NO. 15-32626-H4-11 |
| | § | CHAPTER 11 |
| DEBTOR. | § § | JUDGE BOHM |

AFFIDAVIT OF PROPOSED ATTORNEY
AND DISCLOSURE OF COMPENSATION

| | |
|---|---|
| THE STATE OF TEXAS | § § |
| COUNTY OF HARRIS | § |

BEFORE ME, the undersigned authority, personally appeared EDWARD L. ROTHBERG, who, being first duly sworn, deposes and says:

1. "I am an attorney at law, duly licensed to practice in the State of Texas and admitted to practice before the United States District Courts for all districts in the State of Texas, the United States Court of Appeals for the Fifth Circuit and the Supreme Court.

2. I am a partner with the law firm of HOOVER SLOVACEK LLP, a Texas limited liability partnership ("HSLLP"), which maintains offices at 5051 Westheimer, Suite 1200, Houston, Texas 77056; Tel: 713-977-8686; Fax 713-977-5395; and email rothberg@hooverslovacek.com.

3. Neither I, nor HSLLP, represent any interest adverse to Dia-Den Ltd. the above-referenced debtor ("Dia-Den" or "Debtor"), as required by 11 U.S.C. §§ 327(a), 328(a), 329, and 504. Additionally, we are disinterested persons, as defined by 11 U.S.C. § 101(14).

{851224-00001 TJJ 4/27/2015 00961377.DOCX 1}                                            EXHIBIT A

4. Neither I, HSLLP, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with Debtor or its creditors, the United States Trustee, persons employed in the United States Trustee's office, or any other potential parties-in-interest herein, or their respective attorneys, except as set forth herein. The HSLLP conflicts database management system (the "System") holds only information that would suggest that HSLLP has the below described connections. I do not believe any of these relationships creates an adverse relationship with the Debtor.

5. Prior to the bankruptcy filing, HSLLP represented the Debtor in providing advice concerning restructuring and pre-bankruptcy planning and negotiations with its secured lender.

6. Myself and Melissa Haselden represented Texas Systems & Controls, Inc., and Texas Systems Service Center, Inc., in the Chapter 11 cases No. 09-37744 and 09-37745, in the United States Bankruptcy Court for the Southern District of Texas (collectively, "Texas Systems"). Texas Systems was the former tenant of the Debtor. The Debtor and Texas Systems share some common equity holders.

7. HSLLP has utilized the firm's System, which is designed to reveal the potential for conflicts of interest and other connections to existing and former clients and to many thousands of third parties never represented by HSLLP. Such results are printed and have been reviewed by myself and T. Josh Judd. We have contacted various attorneys for the Firm shown on the System report as having previously submitted relevant connection information to the System. We have researched relevant "hits" for the information set forth above. From Mr. Judd, such attorneys and these databases, I have obtained information and guidance with regard to the particular connections reflected.

{851224-00001 TJJ 4/27/2015 00961377.DOCX 1}

8.      Accordingly, neither I, nor HSLLP, represent any interest adverse to the Debtor, its estate, creditors, equity holders, or affiliates in the matters upon which HSLLP is to be engaged, and HSLLP is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and as required by section 327(a) of the Bankruptcy Code.  HSLLP recognizes, and takes seriously, its continuing responsibility to be aware of, and to further disclose, any relationship or connection between it and other parties in interest in the Debtor's bankruptcy estate as they appear or become recognized during this case.  Accordingly, we reserve the right to, and shall supplement this disclosure if necessary as more information becomes available to us.

9.      Within the twelve months leading up to the Petition Date, HSLLP was paid $31,851.13 for general legal fees charged to the Debtor.  In addition, HSLLP received a $51,571.71 retainer from the Debtor in connection with the above styled bankruptcy case.  Prior to the petition date, HSLLP was paid current for (bankruptcy related) legal work provided to the Debtor in the amount of $31,851.13, leaving the balance of the retainer of $51,571.71.

10.     The services rendered or to be rendered by HSLLP, include but are not limited to the following:

    (a)    to assist, advise and represent the Debtor relative to the administration of this chapter 11 case;

    (b)    to assist, advise and represent the Debtor in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales or dispositions;

    (c)    to attend meetings and negotiate with the representatives of the secured creditor;

    (d)    to assist the Debtor in the preparation, analysis and negotiation of any plan(s) of reorganization and disclosure statement accompanying any plan(s) of reorganization;

(e)   to take all necessary action to protect and preserve the interests of the Debtor;

(f)   to appear, as appropriate, before this Court, the Appellate Courts, and other Courts in which matters may be heard and to protect the interests of Debtor before said Courts and the United States Trustee; and

(g)   to perform all other necessary legal services in these cases, including removing any pending court state court litigation to the Bankruptcy Court.

11.   With the Court's permission, HSLLP shall perform all legal services for the debtors-in-possession which may be necessary at their regular hourly rates.

12.   Current hourly billing rates for HSLLP are:

- Edward L. Rothberg - $425.00
- Annie Catmull - $335.00
- Melissa Haselden - $310.00
- T. Josh Judd - $285.00
- Brendetta Scott - $225.00
- Legal Assistants/Paralegals - $110.00-$150.00

13.   The hourly rates set forth above are subject to periodic adjustments. From time to time, other attorneys from HSLLP may serve the Debtor in connection with the matters for which HSLLP will be retained. It is anticipated that any such other attorneys' compensation will also be at their current (or hereafter adjusted) standard hourly rate.

14.   The undersigned further states that HSLLP has not shared, or agreed to share compensation from this engagement with any person or to otherwise violate the fee-splitting prohibition of 11 U.S.C. §504.

Further affiant sayeth not"

_____
EDWARD L. ROTHBERG

SUBSCRIBED AND SWORN TO BEFORE ME, on this 8th day of May 2015.

*[Notary seal: LORNA WELBORN, Notary Public, State of Texas, My Commission Expires 07-11-2018]*

_____
NOTARY PUBLIC, STATE OF TEXAS

{851224-00001 TJJ 4/27/2015 00961377.DOCX 1}