IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIA-DEN LTD. | § | CASE NO. 15-32626-H4-11 |
| | § | |
| DEBTOR | § | CHAPTER 11CASE |
| | § | |
| | § | Judge Bohm |

**DEBTOR'S EMERGENCY MOTION TO REDUCE TIME FOR NON-GOVERNMENTAL ENTITIES TO FILE PROOFS OF CLAIM PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

DIA-DEN LTD. (the "Debtor"), debtor and debtors in possession, file this Emergency Motion to Reduce Time for Non-Governmental Entities to File Proofs of Claim Pursuant to Federal Rules of Bankruptcy Procedure 9006 (the "Motion") and in support thereof, respectfully state as follows:

## I.  SUMMARY OF REQUESTED RELIEF

1.       Debtor seeks to proceed through Chapter 11 on an expedited basis.  Debtor filed its Plan and Disclosure Statement on the Petition Date.  The Debtor seeks an order to reduce the time for filing proofs of claim for non-governmental entities to June 8, 2015.  Debtor is seeking emergency consideration of this motion as part of its first day hearings.

## II.  JURISDICTION & CONSTITUTIONAL AUTHORITY

2.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b). This Court has constitutional authority to enter a final order regarding the deadline to file proofs of claim.  The filing of proofs of claim has no state law equivalent.  Accordingly, the U.S. Supreme Court's opinion in *Stern v. Marshall* is inapplicable.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). In the alternative, matters related to the claims filing procedures implemented by the Bankruptcy Code are essential bankruptcy matters which trigger the "public rights" exception. *See Id.*  The filing of claims stay and applicable deadlines are established by express provisions of the Bankruptcy Code and are central to the public bankruptcy scheme and involves adjudication of rights created by the Bankruptcy Code.  Therefore, the relief requested falls within this Court's authority and this Court may enter a final order granting the relief requested.

3.       The statutory predicates for the relief sought herein are Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 9006(c) and 3003(c)(3).

## III. RELEVANT BACKGROUND

4.       On May 8, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the

{851224-00001 TJJ 5/1/2015 00962290.DOCX 1}

United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as debtor-in-possession.

5.    The Debtor filed all required schedules, statements, and creditor matrix on the Petition Date.

6.    The Debtor is filing its Plan of Reorganization and Disclosure Statement on the Petition Date.

7.    No trustee or examiner has been appointed in these cases.

8.    An official committee of unsecured creditors has not been appointed in this case.

9.    The Debtor separately owns and leases a single tenant industrial facility with a total of 154,297 square feet of gross building area on 37.94 acres of land located at 24310 State Highway 249, Tomball, Harris County, Texas 77375 (the "Industrial Facility" or "Property").

10.    The Debtor has less than ten creditors.

## IV. RELIEF REQUESTED

11.    Bankruptcy Rule 3003(c)(3) provides in relevant part that "the court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." The Debtor seeks an order, pursuant to Bankruptcy Rule 9006, to reduce the time for nongovernmental entities to file proofs of claim to June 8, 2015.

## V. ARGUMENT AND AUTHORITY

12.    Bankruptcy Rule 9006(c)(1) provides in relevant part that "when an act is required or allowed to be done at or within a specified period by [the Bankruptcy Rules] or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period reduced." Taken with Rule

{851224-00001 TJJ 5/1/2015 00962290.DOCX 1}

3003(c)(3), Bankruptcy Rule 9006 provides authority to reduce the time period for filing proofs of claim in chapter 11 cases.

13.     The Debtor seeks an order, pursuant to Bankruptcy Rule 9006, to reduce the time for filing proofs of claim for non-governmental entities to June 8, 2015.  Because the Property is stable and income and expenses remain fairly predictable, the Debtor does not require an extended amount of time to reorganize its business.  In addition, upon information and belief, Wells Fargo may seek imposition of default interest rate from the Petition Date until the Effective Date of the Plan.  The Debtor disputes that the factual circumstances in this case would justify the imposition of the default rate (which is discretionary).  Regardless, to avoid a protracted dispute, the Debtor seeks to proceed through the Chapter 11 bankruptcy process on an expedited basis.  The Debtor filed its Plan and Disclosure Statement on the Petition Date and are prepared to proceed to Plan confirmation no later than June 30, 2015.  The Debtor needs to fully understand the nature and amount of claims against the Debtor (including whether Wells Fargo has redeemed or purchased the Series 2007 Bonds) in order to proceed with plan confirmation and in order to make additional (if necessary) appropriate disclosures related to such a plan and the treatment of creditor claims thereunder. Additionally, other parties-in-interest require time to evaluate the claims against the Debtor's estate prior to confirmation in order to determine whether or not to support the plan. Shortening the bar date to June 8, 2015 (for non-governmental entities), would allow ample time for all the parties involved in this chapter 11 case to make analyze claims while also providing sufficient time for creditors to prepare their proofs of claim.

{851224-00001 TJJ 5/1/2015 00962290.DOCX 1}

## VI. CONCLUSION

WHEREFORE, premises considered, the Debtor respectfully request that the Court grant the relief requested herein and enter an order substantially in the form attached hereto, and grant the Debtors such other and further relief as the Court deems just.

DATED:  May 8, 2015

Respectfully submitted,

HOOVER SLOVACEK LLP

*/s/ T. Josh Judd*

By:

EDWARD L. ROTHBERG
State Bar No. 17313990
T. JOSH JUDD
State Bar No. 24036866
GALLERIA TOWER II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713.977.8686
Facsimile:  713.977.5395
PROPOSED ATTORNEYS FOR DEBTOR

{851224-00001 TJJ 5/1/2015 00962290.DOCX 1}