IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIA-DEN LTD. | § | CHAPTER 11 CASE |
| | § | |
| DEBTOR | § | |
| | § | CASE NO. 15-32626 |
| | § | |
| | § | Judge Bohm |

### DEBTOR'S EMERGENCY MOTION TO PROVIDE ADEQUATE PROTECTION PAYMENTS TO SECURED LENDER PURSUANT TO 11 U.S.C. § 361

******************************************************************************

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
******************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

DIA-DEN LTD. (the "Debtor"), debtor and debtors in possession, file this Expedited Motion (the "Motion") pursuant to 11 U.S.C. §361 for an order providing Wells Fargo Bank, N.A. with adequate protection and in support thereof, respectfully state as follows:

## I.  SUMMARY OF REQUESTED RELIEF

1. As protection for the going concern value of Wells Fargo's collateral, the Debtor seeks to pay adequate protection payments to Wells Fargo Bank in the amount of $45,000 per month based upon the monthly non-default rate of interest totaling $31,056.44, the balance of the monthly payment to be applied to principal.  Debtor is seeking emergency consideration of this motion as part of its first day hearings.

## II.  JURISDICTION

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this district pursuant to 28 U.S.C. § 1408(1) because the Debtor's place of business has been located in this district for more than 180 days preceding the filing of these bankruptcy cases.

3. The statutory predicate for the relief sought herein is 11 U.S.C. § 361.

4. This Court has constitutional authority to enter a final order regarding adequate protection. 11 U.S.C. § 361 has no state law equivalent.  Accordingly, the U.S. Supreme Court's opinion in *Stern v. Marshall* is inapplicable.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). In the alternative, matters related to the adequate protection and the automatic stay imposed under §§ 361 and 362 of the Bankruptcy Code are essential bankruptcy matters which trigger the "public rights" exception. *See Id.*  The automatic stay and applicable adequate protection requirements are established by express provisions of the Bankruptcy Code and are

{851224-00001 TJJ 5/6/2015 00963105.DOCX 1}

central to the public bankruptcy scheme and involves adjudication of rights created by the Bankruptcy Code. Therefore, the relief requested falls within this Court's authority and this Court may enter a final order granting the relief requested.

### III. FACTUAL BACKGROUND

5. On or about May 8, 2015, the Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code 11 U.S.C. § 101 et seq. Since the filing, the Debtor has continued to conduct its affairs as a debtor-in-possession.

6. Dia-Den is a Texas limited partnership with its principal place of business in Harris County, Texas. The Debtor owns and leases to single tenant the industrial complex located at 24310 State Highway 249, Tomball, Texas 77375 (the "Industrial Facility"). The Debtor receives monthly rent for the Industrial Facility in the amount of $50,000.

7. Wells Fargo is the Debtor's lender and has a lien on substantially all the assets of the Debtor. No other party asserts and in interest in the Debtor's cash collateral, as that term is defined in 11 U.S.C. § 363(a). A summary of the indebtedness to Wells Fargo is as follows:

|  | Principal Amount Owed | Non-default interest rate | Monthly Interest Payment at non-default rate. |
|---|---|---|---|
| 2007 Bonds/Tender Drawing | $5,261,427.78 | 2.5% | $25,211.01 |
| Second Lien Note | $2,805,810.08 | 5.75% | $ 5,845.44 |

8. As of the Petition Date, the Debtor had approximately $53,000 of cash on hand. The Industrial Facility and related equipment was appraised in December 2014 at $11.7 million. Thus, Wells Fargo has a substantial equity cushion.

## IV. RELIEF REQUESTED

9. The Debtor seeks to provide adequate protection to Wells Fargo by paying $31,056.45 (25,211.01 + 5,845.44) of interest at the non-default rate, plus an additional $13,943.55 to be applied towards principal of the Wells Fargo indebtedness, for a total monthly payment of $45,000. The Debtor does not believe the Industrial Facility is decreasing in value. However, adequate protection serves to protect a secured creditor from diminution in the value of its interest in collateral during the period it is used by a debtor. *See Delbridge v. Production Credit Assoc. and Federal Land Bank*, 104 B.R. 824, 827 (E.D. Mich. 1989); *In re Kain*, 86 B.R. 506, 513 (Bankr. W.D. Mich. 1988); *In re Beker Indus. Corp.*, 58 B.R. 725, 736 (Bankr. S.D.N.Y. 1986); *see also In re Ledgmere Land Corp.*, 116 B.R. 338, 343 (Bankr. D. Mass. 1990). Adequate protection is generally determined on a case by case basis, in light of the particular facts and circumstances presented. *See In re O'Connor*, 808 F.2d 1393, 1397 (10th Cir. 1987); *In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985). The Debtor asserts that paying monthly interest and principal as described above to Wells Fargo satisfies the requirements of 11 U.S.C. § 361(1). The Debtor has the available cash to make the monthly payment to Wells Fargo.

WHEREFORE, the Debtor respectfully prays this Court:

a. Hold an emergency hearing on this motion;

b. Enter an order authorizing the Debtor to make the adequate protection payments to Wells Fargo as identified herein; and

c. Grant such other and further relief as is just and proper.

Respectfully submitted,

HOOVER SLOVACEK LLP

By: *&#47;s&#47; T. Josh Judd*
    EDWARD L. ROTHBERG
    State Bar No. 17313990
    T. JOSH JUDD
    State Bar No. 24036866
    GALLERIA TOWER II
    5051 Westheimer, Suite 1200
    Houston, Texas 77056
    Telephone: 713.977.8686
    Facsimile:  713.977.5395
    PROPOSED ATTORNEYS FOR DEBTOR