IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DIA-DEN LTD. | § | CASE NO. 15-32626-H4-11 |
| | § | |
| DEBTOR. | § | CHAPTER 11 CASE |
| | § | |
| | § | Judge Bohm |

### DEBTOR'S EXPEDITED AGREED MOTION TO DISMISS CASE

*************************************************************************

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EXPEDITED CONSIDERATION HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**DEBTOR REQUESTS THAT THIS MATTER BE SET FOR HEARING ON JUNE 16, 2015 AT 3:00 P.M. (THE SAME TIME CURRENTLY SET FOR PLAN CONFIRMATION).**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**
*************************************************************************

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

DIA-DEN LTD. (the "Debtor"), debtor and debtors in possession, file this Expedited Agreed Motion to Dismiss Case (the "Motion") and in support thereof, respectfully state as follows:

{851224-00001 TJJ 6/4/2015 00969890.DOCX 1}

### I. SUMMARY OF REQUESTED RELIEF

1. Debtor and its secured lender (Wells Fargo Bank, N.A.) have reached a structured agreement that resolves all issues in this case and will provide for the immediate payment in full of all unsecured claims. Accordingly, Debtor seeks dismissal of this case, and Wells Fargo has agreed to the dismissal.

### II. JURISDICTION & CONSTITUTIONAL AUTHORITY

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases in this district is proper pursuant to 28 U.S.C. §§ 1408. This is a core proceeding pursuant to 28 U.S.C. § 157(b). This Court has constitutional authority to enter a final order regarding dismissal of this case. The U.S. Supreme Court's opinion in *Stern v. Marshall* is inapplicable. *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)). The dismissal of the case is established by express provisions of the Bankruptcy Code and is central to the public bankruptcy scheme and involves adjudication of rights created by the Bankruptcy Code. Therefore, the relief requested falls within this Court's authority and this Court may enter a final order granting the relief requested.

3. The statutory predicate for the relief sought herein is 11 U.S.C. § 1112(b)(1).

### III. RELEVANT BACKGROUND

4. On May 8, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business and managing its property as debtor-in-possession.

5. The Debtor filed all required schedules, statements, and creditor matrix on the Petition Date.

6. The Debtor filed its Plan of Reorganization and Disclosure Statement on the Petition Date. On May 22, 2015, the Court conditionally approved the Disclosure Statement.

7. A plan confirmation hearing is currently scheduled for June 16, 2015 at 3:00 p.m.

8. No trustee or examiner has been appointed in this case.

9. An official committee of unsecured creditors has not been appointed in this case.

10. The Debtor has complied with all reporting requirements of the Office of the United States Trustee.

11. The Debtor has a total of four (4) unsecured creditors.

12. There are no priority creditors.

13. Wells Fargo is the Debtor's secured lender and holds two secured claims totaling approximately $8.2 million.

14. The Debtor and Wells Fargo have reached an agreement that will result in execution of two promissory notes secured by all of the Debtor's assets (the "Modified Notes"). The Modified Notes will mature in 42 months and will bear interest at the bank's floating prime rate plus 1.5% floating. The Modified Notes would have an aggregate fixed monthly payment of not less than $46,000, with the first payment commencing on July 10, 2015. The parties are currently preparing the Modified Notes and related documents which will contain the relevant terms agreed to between the Debtor and Wells Fargo. The Debtor's agreement to dismiss the case is conditioned on the Modified Notes and related documents being satisfactory to Wells Fargo and the Debtor.

15. In addition, the agreement provides that Debtor shall pay all unsecured claims in full. The Debtor agrees to make those payments within five (5) business days of dismissal of the case. For reference, the unsecured creditors and claim amounts to be paid are as follows:

 i. Charles Johnson   $3,000.00

 ii. Orsak Zidall & Roberstson $6,755.00

 iii. Thorton Farish, Inc.  $ 924.00

 iv. Wells Fargo Corporate Trust $1,500.00

16. As part of the structured agreement, the Debtor will not be making (note) payments or adequate protection to Wells Fargo for the month of June 2015. Accordingly, the Debtor has sufficient cash on hand to immediately pay the unsecured creditors in full and to pay legal fees associated with the case. On the other hand, the Debtor's Plan provides that the unsecured creditors will be paid out over six months. Charles Johnson, Thorton Farnish and Orsak Zidall & Robertson all voted to accept the Debtor's Plan. All of the unsecured creditors will benefit by dismissal of the case.

17. The Debtor incurred U.S. Trustee fees totaling $650.00 for the second quarter 2015 (as the total disbursements made by the Debtor for the second quarter was $45,000.00). The Debtor paid the second quarter U.S. Trustee fee the week of June 2, 2015.

18. If the case is dismissed on or about June 16, 2015, the Debtor will owe $325.00 in U.S. Trustee fees for the third quarter 2015. The Debtor agrees to pay those fees within five (5) business days of the case being dismissed.

## IV. RELIEF REQUESTED

19. Section 1112(b)(1) of the Bankruptcy Code states that the Court shall " . . . dismiss a case . . . if the movant establishes cause". The Court has broad discretion under 11 U.S.C. §

1112(b) in deciding whether cause exists to dismiss a bankruptcy case.[1] The list of what constitutes "cause" as set out in 11 U.S.C. § 1112(b)(4) is not exhaustive and the Court can consider other factors.[2]

20.  In this case, both the Debtor and Wells Fargo support dismissal.  Moreover, dismissal will not result in any prejudice to unsecured creditors and will in fact improve their treatment (by accelerating payment in full).  The proposed form of order dismissing the case contains a provision requiring payment of both the unsecured creditors (by amount and name) and any and all U.S. Trustee fees.  There will be no deviation from the priority scheme provided for under the Bankruptcy Code.  Accordingly, Debtor requests that the Court enter an order dismissing this case.

### V. CONCLUSION

WHEREFORE, premises considered, the Debtor respectfully request that the Court grant the relief requested herein and enter an order substantially in the form attached hereto, and grant the Debtors such other and further relief as the Court deems just.

DATED:  June 5, 2015

---

[1] *See In re Consol. Pioneer Mortg. Entities*, 264 F.3d 803, 806 (9th Cir.).
[2] *In re Consol. Pioneer Mortg. Entities,* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000); *see also In re Kent,* No. 07- 03238, 2008 WL 5047799, at *6 (Bankr. W.D. Ariz. Sept. 23, 2008); *In re Gateway Access Solutions, Inc.,* 347 BR 556 (Bankr. M.D. Pa. 2007); *In re 3 Ram, Inc.*, 343 B.R. 113 (Bankr. E.D. Pa. 2006).

{851224-00001 TJJ 6/4/2015 00969890.DOCX 1}

        Respectfully submitted,

        HOOVER SLOVACEK LLP

By:   /s/ T. Josh Judd
       EDWARD L. ROTHBERG
       State Bar No. 17313990
       T. JOSH JUDD
       State Bar No. 24036866
       GALLERIA TOWER II
       5051 Westheimer, Suite 1200
       Houston, Texas 77056
       Telephone: 713.977.8686
       Facsimile:  713.977.5395
       *ATTORNEYS FOR THE DEBTOR*

## **CERTIFICATE OF CONFERENCE**

The undersigned counsel for the Debtor hereby certifies that he discussed this Motion with Joe Epstein counsel for Wells Fargo Bank and that Wells Fargo Bank agrees to the relief requested herein.

       /s/ Edward L. Rothberg
       Edward L. Rothberg

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Agreed Motion to Dismiss Case has been served by first class mail, postage prepaid, and/or by electronic mail, to those parties on the attached Service List, on June 5, 2015.

       */s/ T. Josh Judd*
       T. JOSH JUDD

**15-32626 Notice will be electronically mailed to:**

Joseph G Epstein on behalf of Creditor Wells Fargo Bank, N.A.
jepstein@winstead.com, pschneller@winstead.com;deierdam@winstead.com

Tara L Grundemeier on behalf of Creditor Cypress Fairbanks ISD
houston_bankruptcy@publicans.com

{851224-00001 TJJ 6/4/2015 00969890.DOCX 1}

Tara L Grundemeier on behalf of Creditor Harris County
houston_bankruptcy@publicans.com

T. Josh Judd on behalf of Debtor Dia-Den Ltd.
judd@hooverslovacek.com,
bankruptcy1@hooverslovacek.com,mayle@hooverslovacek.com,welborn@hooverslovacek.com

Christine A March on behalf of U.S. Trustee US Trustee
christine.a.march@usdoj.gov

Edward L Rothberg on behalf of Debtor Dia-Den Ltd.
rothberg@hooverslovacek.com,
mayle@hooverslovacek.com,bankruptcy1@hooverslovacek.com,ray@hooverslovacek.com;hsllpbankruptcy@gmail.com

US Trustee
USTPRegion07.HU.ECF@USDOJ.GOV

{851224-00001 TJJ 6/4/2015 00969890.DOCX 1}

**Dia-Den Ltd.**
**Service List**

| | | |
|---|---|---|
| Dia-Den Ltd.<br>6111 Windrose Hollow Lane<br>Spring, TX 77379-8906 | Christine March<br>Office of the US Trustee<br>515 Rusk, Suite 3516<br>Houston, TX 77002-2604 | Wells Fargo Corporate Trust Services<br>WF 8113<br>P O Box 8113<br>Minneapolis, MN 55408-0113 |
| Wells Fargo Bank, N.A.<br>c/o Winstead P.C.<br>Attn: Mike Hilliard<br>600 Travis St., Suite 1100<br>Houston, TX 77002-3030 | Wells Fargo Bank, N.A.<br>c/o Winstead P.C.<br>Attn: Michael Willard<br>600 Travis St., Suite 1100<br>Houston, TX 77002-3030 | Texas Workforce Commission<br>Bankruptcy Section<br>P O Box 149080<br>Austin, TX 78714-9080 |
| Texas Comptroller of Public Accounts<br>Revenue Accounting Div-Bankruptcy Section<br>P. O. Box 13528<br>Austin, TX 78711-3528 | Internal Revenue Service<br>Centralized Insolvency Operations<br>P O Box 7346<br>Philadelphia, PA 19101-7346 | Charles L. Johnson<br>13322 Hampton Bend Lane<br>Houston, TX 77070-3483 |
| Cushman & Wakefield of Texas, Inc.<br>c/o Beau Kaleel<br>1330 Post Oak Blvd., Suite 2700<br>Houston, TX 77056-3054 | Orsak Zidall & Robertson PLLC<br>520 Post Oak Blvd., Suite 400<br>Houston, TX 77027-9405 | Thorton Farish Inc.<br>3500 Eastern Blvd., Suite 210<br>Montgomery, AL 36116-1781 |
| Dennis W. Abrahams<br>6111 Windrose Hollow Lane<br>Spring, TX 77379-8906 | Dianne V. Abrahams<br>6111 Windrose Hollow Lane<br>Spring, TX 77379-8906 | PJJ Inc.<br>6111 Windrose Hollow Lane<br>Spring, TX 77379-8906 |
| **Notice of Appearance:** | Joe Epstein<br>Winstead P.C.<br>600 Travis St., Suite 1100<br>Houston, TX 77002-3030 | Harris County and Cypress-Fairbanks ISD<br>c/o Linebarger Goggan Blair & Sampson, LLP<br>Attn: Tara L. Grundemeier<br>P O Box 3064<br>Houston, TX 77253-3064 |